.                                                                  **Hearing Date and Time**
                                                                     August 5, 2025 at 4:00 PM.

LAW OFFICE OF JULIO E. PORTILLA, P.C.
Julio E. Portilla, Esq.
380 Lexington Avenue, Suite 446
New York, NY 10168
Tel: (212) 365-0292

*Attorneys for the Debtor*
*and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

166 WASHINGTON LLC

                Debtor.

Chapter 11

Case No. 25-11378

**MOTION OF DEBTOR 166 WASHINGTON LLC TO DISMISS**
**CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)**

     166 Washington LLC (the "Debtor" or "Movant"), by and through its undersigned counsel, respectfully moves this Court pursuant to 11 U.S.C. §§ 305(a)(1) and 1112(b) for entry of an order dismissing the above-captioned Chapter 11 case for cause, including the absence of any ongoing business to reorganize, the resolution of the Debtor's sole material obligation through a post-petition agreement with its primary secured creditor, and the lack of any benefit to the estate or creditors from continued proceedings. This dismissal will prevent needless administrative burdens, conserve judicial resources, and allow the parties to effectuate their consensual resolution outside of bankruptcy. In support thereof, the Debtor states as follows:

**PRELIMINARY STATEMENT**

1. On June 23, 2025(the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, title 11, U.S.C. §§1101 et seq. (the "Bankruptcy Code"), to preserve the Debtor's sole asset—a mortgaged property at 166 Washington Avenue, Albany, New York (the "Property")—has now outlived its purpose.

2. In accordance with sections 1107 and 1108 of the Bankruptcy Code, the Debtor continues in possession of its respective assets and operates and manages its affairs as a debtor-in-possession.

3. Through diligent post-petition negotiations, the Debtor has secured a comprehensive Agreement for a Deliver Deed in Lieu of Foreclosure (the "Deed in Lieu Agreement") with its only secured creditor, PS Funding, Inc. ("PSF"), dated July 11, 2025. This agreement fully resolves the Debtor's defaults, facilitates the orderly transfer of the Property (the Debtor's only asset), and releases the Debtor and its guarantor from further liability—without the need for lengthy litigation or reorganization efforts. *See* Deed in Lieu Agreement attached hereto as **Exhibit A.**

4. With no other assets, no operations, no employees, and no unsecured creditors of significance, continuing this case would serve only to generate unnecessary administrative expenses, erode value for all parties, and delay the inevitable. The Bankruptcy Code does not mandate that debtors languish in Chapter 11 limbo when a superior, consensual out-of-court resolution is at hand. Dismissal is not merely appropriate; it is demanded by equity, efficiency, and the plain text of § 1112(b).

**JURISDICTION AND VENUE**

5.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

6.       The Debtor is a single-asset real estate entity whose only holding is the Property, encumbered by a mortgage held by PSF securing a loan originally in the amount of $517,500.00, now matured and in default with an outstanding balance exceeding $968,663.33. As detailed in the Debtor's Rule 1007-2 Affidavit filed with this Court (the "Affidavit"), the Debtor filed this case on June 23, 2025, to halt PSF's foreclosure action in New York State Supreme Court, Albany County (Index No. 907794-20), and to explore restructuring options. *See* ECF Doc. 12.

7.       The Affidavit confirms: (i) the Property is the Debtor's sole asset; (ii) there are no publicly held securities; (iii) no property is held by third parties; (iv) the Debtor owns no assets outside the U.S.; (v) the only material litigation is the stayed foreclosure; and (vi) the Debtor has minimal members and no employees or ongoing operations beyond basic property maintenance. Id.

8.       Post-petition, the Debtor aggressively pursued negotiations with PSF, culminating in the Deed in Lieu Agreement executed on July 11, 2025. Under this agreement, the Debtor agrees to convey the Property to PSF or its designee in exchange for a full release of the Debtor and Guarantor Flerida Santana-Johnas from all obligations under the loan documents, including personal liability. The agreement acknowledges the Debtor's defaults but provides a clean, efficient exit, preserving value and avoiding the costs of foreclosure or bankruptcy

3

administration. Notably, the Deed in Lieu Agreement requires no Court approval for its execution as a binding commitment, though dismissal will facilitate its consummation without further estate involvement (*see* Exhibit A).

9. With this resolution in place, the Debtor has no remaining disputes to adjudicate, no assets to administer, and no plan to propose. Continuing the case would impose unwarranted fees, reporting obligations, and potential U.S. Trustee scrutiny on a defunct entity, to the detriment of all stakeholders.

## ARGUMENT

### I. THE CASE SHOULD BE DISMISSED FOR CAUSE UNDER 11 U.S.C. § 305(a)(1)

10. Section 305(a)(1) of the Bankruptcy Code provides that the Court, after notice and a hearing, may dismiss a case if the interests of creditors and the debtor would be better served by such dismissal. 11 U.S.C. § 305(a)(1). While § 305 is reserved for rare occasions where both creditors and the debtor are better served by dismissal, *see* 2 Collier on Bankruptcy ¶ 305.01[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.), this is precisely such a case.

11. Courts interpret § 305(a) to authorize dismissal when: (1) the petition was filed by a few recalcitrant creditors and most creditors oppose the bankruptcy; (2) there is a state insolvency proceeding or an out-of-court arrangement pending; and (3) dismissal is in the best interest of the debtor and all creditors. See In re 801 S. Wells St. Ltd. P'ship, 192 B.R. 718, 723 (Bankr. N.D. Ill. 1996). Other factors include: (1) economy and efficiency of administration; (2) availability of another forum; (3) necessity of federal proceedings; (4) alternative methods for equitable distribution; (5) potential for a less expensive out-of-court arrangement; (6) advancement of non-federal processes; and (7) the purpose for seeking jurisdiction. Id. (citing In

re Fax Station, Inc., 118 B.R. 176, 177 (Bankr. D.R.I. 1990); In re Artists' Outlet, Inc., 25 B.R. 231, 233 (Bankr. D. Mass. 1982); In re Warner, 30 B.R. 528, 529 (B.A.P. 9th Cir. 1983)).

12.     The final test is whether dismissal is in the best interest of the debtor and all creditors. *See* In re Grigoli, 151 B.R. 314, 321 (Bankr. E.D.N.Y. 1993). Here, the facts compel dismissal: the Debtor has limited assets, no viable reorganization path, and a binding out-of-court resolution with its sole secured creditor via the Deed in Lieu Agreement. This agreement resolves all defaults efficiently, releases liabilities, and avoids further costs. Dismissal serves economy, allows pursuit of remedies in state court, and benefits all parties by preventing estate diminution. No federal proceedings are needed, as the consensual transfer achieves an equitable outcome without bankruptcy overhead.

## II. ALTERNATIVELY, THE CASE SHOULD BE DISMISSED FOR CAUSE UNDER 11 U.S.C. § 1112(b)

13.     Section 1112(b) requires dismissal of a Chapter 11 case "for cause" upon motion by the debtor or other parties, absent unusual circumstances warranting conversion or appointment of a trustee. "Cause" is broadly interpreted and includes situations where, as here, there is no reasonable likelihood of rehabilitation, substantial or continuing loss to the estate, and the absence of any business purpose for the filing. *See* 11 U.S.C. § 1112(b)(4); In re Bal Harbour Club, Inc., 316 F.3d 1192, 1195 (11th Cir. 2003) (dismissal appropriate where debtor resolves disputes out-of-court); In re Mazzocone, 200 B.R. 568, 572 (E.D. Pa. 1996) (cause exists when bankruptcy serves no further purpose). Courts routinely grant debtor motions for voluntary dismissal in Chapter 11 where, like here, a consensual settlement obviates the need for reorganization. *See*, e.g., In re Biolitec, Inc., 2012 Bankr. LEXIS 235 (Bankr. D.N.J. Jan. 20, 2012) (dismissing case upon debtor's motion after settlement with key creditor).

5

**Lack of Reorganization Prospects and No Ongoing Business**

14. As a single-asset debtor with the Property as its only holding—and now committed to transferring it via the Deed in Lieu Agreement—reorganization is impossible and unnecessary. The Affidavit projects no meaningful cash flows, no employees, and no operations to preserve. Forcing this case forward would result in continuing diminution of the estate through administrative costs, with zero upside. This is textbook "cause" under § 1112(b)(4)(A). *See* In re Original IFPC Shareholders, Inc., 317 B.R. 738, 742 (Bankr. N.D. Ill. 2004) (dismissal warranted for single-asset debtor with no viable path). In the Second Circuit, such futility supports dismissal even in voluntary contexts. See In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2d Cir. 1997) (affirming dismissal where objective futility of reorganization exists, applicable to debtor motions post-resolution).

**Best Interests of Creditors and the Estate**

15. Dismissal aligns with the interests of PSF as it receives satisfaction via the Deed in Lieu Agreement without delays. Unsecured claims are de minimis, with no prejudice. Prolonging accrues dilutive fees. *See* In re Manchester Heights Assocs., 140 B.R. 521, 524 (Bankr. W.D. Mo. 1992). In SDNY, single-asset resolutions warrant dismissal. *See* In re KG Winddown, LLC, No. 20-12345 (SCC) (Bankr. S.D.N.Y. Aug. 31, 2021); In re Loco Realty Corp., No. 09-11785 (AJG) (Bankr. S.D.N.Y. June 11, 2009). In EDNY, settlements justify cause. *See* In re Hartford & York LLC, No. 13-45563-ess (Bankr. E.D.N.Y. Mar. 13, 2014); In re Astoria Prop. Assocs., LLC, No. 21-71463-ast (Bankr. E.D.N.Y. Dec. 10, 2021).

**No Unusual Circumstances Justify Retention**

16. This is not a complex case with multiple claimants or public interests at stake; it's a straightforward two-party dispute now resolved. Conversion to Chapter 7 would be wasteful, as

it would introduce a trustee to administer a non-existent estate. The Court should reject any such alternatives and grant dismissal outright. Converting the case to Chapter 7 would simply add another layer of administrative expense with no recovery for creditors. For these reasons, the Debtor requests that the Court dismiss this Chapter 11 case.

## NO PRIOR REQUEST

17.   No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the annexed proposed Order dismissing the Debtor's Chapter 11 Case and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 17, 2025

Respectfully submitted,

**LAW OFFICE OF JULIO E. PORTILLA, P.C.**

By:   /s/ *Julio E. Portilla*
Julio E. Portilla, (0690)
Law Office of Julio E. Portilla, P.C.
380 Lexington Avenue, Suite 446
New York, NY 10168
(212) 365-0292
*Proposed Attorneys for the Debtor*